IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BRANDON LAMONT JENKINS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. 09-CV-730-GKF-FHM |
| | ) |
| DAVID MILLER, Warden, | ) |
| | ) |
| Respondent. | ) |

**OPINION AND ORDER**

Before the Court is the 28 U.S.C. § 2254 habeas corpus petition (Dkt. # 1) filed by Petitioner Brandon Lamont Jenkins, a state prisoner appearing pro se. Respondent filed a response to the petition (Dkt. # 12), and provided the state court record necessary for resolution of Petitioner's claims (Dkt. ## 12, 13 and 14). Petitioner did not file a reply. For the reasons discussed below, the Court finds the petition for writ of habeas corpus shall be denied.

*BACKGROUND*

During the early morning hours of July 13, 2005, Tulsa Police Officer Deanna Lee Phillips initiated a traffic stop after observing the vehicle being driven erratically. Officer Phillips had also determined that the vehicle's tag had expired. Before the vehicle came to a complete stop, the passenger side door opened and both the back seat passenger and the front seat passenger exited the vehicle and began running. Officer Phillips observed that the front seat passenger was carrying what appeared to be a shotgun or rifle. The driver remained in the vehicle and did not attempt to flee. He was later identified as the petitioner in this case, Brandon Lamont Jenkins. After additional police officers arrived, they cleared the vehicle to make sure there were no other passengers. The

police officers observed a Glock .40 caliber semi-automatic handgun on the back seat. A detective was called to the scene to gather evidence. The detective recovered the handgun and found it was chamber loaded and held a magazine with 15 cartridges. The police also found a box of ammunition, the same brand and caliber found loaded in the handgun, in the back seat and a spent cartridge casing from a 9 mm Luger on the floorboard of the back seat. A canine officer was called to track the two passengers who had fled. Although the passengers were not found, the canine located a .20 gauge shotgun loaded with 4 rounds. Petitioner admitted to the police officers that he knew the weapons were in the vehicle, but claimed that the handgun belonged to the back seat passenger, "Quarter Top," and the shotgun belonged to the front seat passenger, "John."

Based on those events, Petitioner was charged with Possession of a Firearm, After Former Conviction of a Felony, in Tulsa County District Court Case No. CF-2005-3145. At the conclusion of a two-stage jury trial, held May 8-9, 2006, Petitioner was found guilty of Possession of a Firearm, After Former Conviction of Two or More Felonies. The jury recommended that Petitioner be sentenced to thirty (30) years imprisonment and fined $5,000. On March 23, 2007, Petitioner was sentenced to thirty (30) years imprisonment in accordance with the jury's recommendation. He was not ordered to pay a fine. Petitioner was represented at trial by attorney Jack Winn.

Petitioner perfected a direct appeal in the Oklahoma Court of Criminal Appeals (OCCA). Represented by attorney Lisbeth L. McCarty, Petitioner raised the following propositions of error:

Proposition 1: Appellant was deprived of effective assistance of counsel.

Proposition 2: The trial court erred by continuing with the trial in Appellant's absence.

Proposition 3: An evidentiary harpoon deprived Appellant of a fair trial.

Proposition 4: Evidence which was more prejudicial than probative deprived Appellant of a fair trial.

  Proposition 5: The trial judge's misinstruction regarding a fine prejudiced the jury unfairly against Appellant.

  Proposition 6: The sentence was excessive.

  Proposition 7: Cumulative error deprived Appellant of a fair trial.

See Dkt. # 12, Ex. 1. In an unpublished summary opinion, filed May 14, 2008, in Case No. F-2007-311 (Dkt. # 12, Ex. 4), the OCCA rejected each claim and affirmed the Judgment and Sentence of the district court. Petitioner filed a petition for rehearing. See Dkt. # 12, Ex. 5. By order filed June 2, 2008 (Dkt. # 12, Ex. 6), the OCCA denied the petition for rehearing. Petitioner did not file a petition for writ of certiorari at the United States Supreme Court, nor did he file an application for post-conviction relief in the state courts.

On September 29, 2009, Petitioner filed his federal petition for writ of habeas corpus (Dkt. # 1), in the United States District Court for the Western District of Oklahoma.[1] By Order filed November 12, 2009 (Dkt. # 7), the case was transferred to this district court. Petitioner identifies four (4) grounds of error, as follows:

  Ground 1: Petitioner was deprived of effective assistance of counsel under the 6th, 14th Amendment U.S.C.A.

  Ground 2: Trial court erred by continuing with the trial in Petitioner's absence. U.S.C.A. Const. Amends. 14, 5, 6.

  Ground 3: Evidence which was more prejudicial than probative deprived Petitioner of a fair trial. U.S.C.A. Const. Amends. 14, 5, 6.

---

[1] Petitioner filed his petition for writ of habeas corpus more than one year after his state conviction became final. Therefore, his petition appears to be time barred. See 28 U.S.C. § 2244(d)(1)(A). However, Respondent did not raise the expiration of the limitations period as a defense to the petition. For that reason, the Court will consider whether Petitioner is entitled to habeas corpus relief under the standards provided in 28 U.S.C. § 2254(d).

> Ground 4: Trial judge's misinstruction regarding a fine prejudiced the jury unfairly against Petitioner. U.S.C.A. Const. Amends. 8, 14, 6.

(Dkt. # 1). In response to the petition, Respondent argues Petitioner is not entitled to habeas corpus relief. See Dkt. # 12.

## *ANALYSIS*

**A.  Exhaustion/Evidentiary Hearing**

As a preliminary matter, the Court must determine whether Petitioner meets the exhaustion requirements of 28 U.S.C. § 2254(b), (c). See Rose v. Lundy, 455 U.S. 509, 510 (1982). Petitioner fairly presented the substance of his claims to the OCCA on direct appeal. Therefore, the exhaustion requirement of 28 U.S.C. § 2254(b) is satisfied.

In addition, the Court finds that Petitioner is not entitled to an evidentiary hearing. See Williams v. Taylor, 529 U.S. 420 (2000).

**B.  Claims adjudicated by the OCCA**

The Antiterrorism and Effective Death Penalty Act (AEDPA) provides the standard to be applied by federal courts reviewing constitutional claims brought by prisoners challenging state convictions. Under the AEDPA, when a state court has adjudicated a claim, a petitioner may obtain federal habeas relief only if the state decision "was contrary to, or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." See 28 U.S.C. § 2254(d); Williams v. Taylor, 529 U.S. 362, 402 (2000); Neill v. Gibson, 278 F.3d 1044, 1050-51 (10th Cir. 2001). When a state court applies the correct federal law to deny relief, a federal habeas court may consider only whether the state court applied the federal law in an objectively reasonable manner. See Bell v. Cone, 535 U.S.

685, 699 (2002); Hooper v. Mullin, 314 F.3d 1162, 1169 (10th Cir. 2002). Furthermore, the "determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). The OCCA denied relief on all of Petitioner's claims on direct appeal. Thus, to the extent the claims are cognizable in a federal habeas corpus proceeding, this Court shall review those grounds under § 2254(d).

**1. Ineffective assistance of counsel (ground 1)**

In his first ground for relief, Petitioner argues that trial counsel provided ineffective assistance of counsel. See Dkt. # 1. In support of his habeas claim, Petitioner refers to pages 4-8 of his supporting brief filed on direct appeal. In that brief, Petitioner argued that trial counsel was unprepared for trial, as evidenced by his unfamiliarity with the sentencing range faced by Petitioner. See Dkt. # 12, Ex. 1 at 4-8. He also complained that counsel did not object to the trial court's failure to grant a continuance, and failed to request a Jackson v. Denno[2] hearing. The OCCA rejected this claim on direct appeal, noting that:

> Jenkins must show that counsel's performance was deficient and this deficient performance created errors so serious he was deprived of a fair trial with reliable results. *Harris v. State*, 2007 OK CR 28, 164 P.3d 1103, 1114; *Wiggins v. Smith*, 539 U.S. 510, 521, 123 S.Ct. 2527, 2535, 156 L.Ed.2d 471 (2003); *Strickland v. Washington*, 466 U.S. 668, 697, 104 S.Ct. 2052, 2069-70, 80 L.Ed.2d 674 (1984). We will not find counsel ineffective if a defendant shows no prejudice from counsel's acts or omissions. *Harris*, 164 P.3d at 1114-1115. Jenkins fails to show either that counsel was unprepared for trial, or that he was prejudiced by any of counsel's acts or omissions.

(Dkt. # 12, Ex. 4 at 2).

---

[2] Jackson v. Denno, 378 U.S. 368, 377 (1964) (holding that a defendant has a constitutional right to object to the use of a confession and to have a fair hearing and a reliable determination on the issue of voluntariness).

5

To be entitled to habeas corpus relief on this claim of ineffective assistance of counsel, Petitioner must demonstrate that the OCCA's adjudication of this claim was an unreasonable application of Strickland v. Washington, 466 U.S. 668 (1984). Under Strickland, a defendant must show that his counsel's performance was deficient and that the deficient performance was prejudicial. Strickland, 466 U.S. at 687; Osborn v. Shillinger, 997 F.2d 1324, 1328 (10th Cir. 1993). A defendant can establish the first prong by showing that counsel performed below the level expected from a reasonably competent attorney in criminal cases. Strickland, 466 U.S. at 687-88. There is a "strong presumption that counsel's conduct falls within the range of reasonable professional assistance." Id. at 688. In making this determination, a court must "judge . . . [a] counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." Id. at 690. Moreover, review of counsel's performance must be highly deferential. "[I]t is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable." Id. at 689. To establish the second prong, a defendant must show that this deficient performance prejudiced the defense, to the extent that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694; see also Sallahdin v. Gibson, 275 F.3d 1211, 1235 (10th Cir. 2002); Boyd v. Ward, 179 F.3d 904, 914 (10th Cir. 1999). A federal habeas court may intercede only if the petitioner can overcome the "doubly deferential" hurdle resulting from application of the standards imposed by § 2254(d) and Strickland. Cullen v. Pinholster, 131 S. Ct. 1388, 1403 (2011). If Petitioner is unable to show either "deficient performance" or "sufficient

6

prejudice," his claim of ineffective assistance fails. Strickland, 466 U.S. at 700. Thus, it is not always necessary to address both Strickland prongs.

In his habeas petition, Petitioner fails to present any argument or authority to convince the Court that the OCCA's decision was an unreasonable application of Strickland. Because Petitioner has not satisfied the prejudice prong of the Strickland standard, the Court need not address the deficient performance prong. Strickland, 466 U.S. at 697 ("If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, . . . that course should be followed."). With regard to Petitioner's claims that counsel performed deficiently in preparing for trial and in failing to object to the trial judge's refusal to grant a continuance as requested on the morning of trial, Petitioner has failed to demonstrate that the result of his trial would have been different had trial counsel prepared differently or objected to the trial judge's denial of a continuance. Similarly, with regard to Petitioner's claim that counsel performed deficiently in failing to request a Jackson v. Denno hearing, Petitioner fails to provide any facts suggesting that his incriminating statements made to police were somehow involuntary and that there was a basis for requesting a Jackson v. Denno hearing. As a result, he has failed to demonstrate that he suffered prejudice as a result of counsel's failure to request a hearing. In short, Petitioner's allegations are conclusory and insufficient to support claims of ineffective assistance of counsel. See United States v. Fisher, 38 F.3d 1144, 1147 (10th Cir. 1994) (citing Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991)). Having failed to satisfy his burden under AEDPA, the Court finds that Petitioner is not entitled to relief on his claims of ineffective assistance of counsel as raised in ground one.

    **2. Proceeding with trial in Petitioner's absence (ground 2)**

In ground two, Petitioner complains that the trial court erred in allowing the trial to proceed in his absence. The record reflects that on the first day of trial, during the trial judge's voir dire, the trial judge announced a 15 minute recess. Petitioner did not return to the courtroom after the recess. At that point, the potential jury members were excused until the next day. However, Petitioner continued to be absent the next morning. The trial judge determined that Petitioner's absence from trial was voluntary and proceeded to conduct the trial to its conclusion in Petitioner's absence. On direct appeal, the OCCA determined that the trial court did not abuse its discretion in continuing with the trial since Petitioner's absence was voluntary. See Dkt. # 12, Ex. 4 at 2. The OCCA further noted that:

> A defendant has a right to be at his trial. 22 O.S.2001, § 583. However, if a defendant voluntarily absents himself from trial proceedings, he may waive that right. *Love v. State*, 1984 OK CR 40, 675 P.2d 466, 468; *Gregg v. State*, 1992 OK CR 82, 844 P.2d 867, 877; *Delancey v. State*, 1979 OK CR 56, 596 P.2d 897, 899. A trial may go forward when the defendant voluntarily leaves during voir dire, before the jury is sworn. *Easlick v. State*, 2004 OK CR 21, 90 P.3d 556, 559. In reaching this conclusion we have considered Jenkins's claim that the defense strategy included his trial testimony.

(Dkt. # 12, Ex. 4 at 2, n.3).

In Taylor v. United States, 414 U.S. 17 (1973), the Supreme Court held that, in a non-capital case, a defendant's decision to voluntarily absent himself from trial after trial has begun "operates as a waiver of his right to be present and leaves the court free to proceed with the trial in like manner and with like effect as if he were present." Taylor, 414 at 19 (quoting Diaz v. United States, 223 U.S. 442, 455 (1912)). The Tenth Circuit follows the rule announced in Taylor. See United States v. Newman, 733 F.2d 1395, 1401 (10th Cir. 1984) ("A trial may continue if a defendant voluntarily absents himself after the trial has begun.").

8

Petitioner has failed to demonstrate how the OCCA's decision was an unreasonable application of Supreme Court law. See 28 U. S. C. § 2254(d). On direct appeal, Petitioner argued that since voir dire had not yet been completed and his trial strategy was based on his decision to testify, the trial judge should have dismissed the jury and stopped his trial after he became absent. See Dkt. # 12, Ex. 1 at 10. To the extent Petitioner argues that his trial had not yet begun since his jury had not been impaneled when he failed to return to the courtroom, the Supreme Court has held that "where the indictment is for a felony, the trial commences at least from the time when the work of empanelling the jury begins." Gomez v. United States, 490 U.S. 858, 873 (1989) (citations omitted). Thus, Petitioner's trial had begun. Furthermore, the OCCA specifically stated that it had considered Petitioner's trial strategy argument in reaching its conclusion that the trial judge did not err in proceeding with the trial after Petitioner voluntarily absented himself. See Dkt. # 12, Ex. 4 at 2, n.3. This Court agrees with the OCCA's conclusion and finds that the trial judge did not abuse his discretion in proceeding with the trial despite the impact of Petitioner's absence on his trial strategy.

Like the defendant in Taylor, Petitioner in this case failed to return to the courtroom after a recess. See Dkt. # 14-2, Tr. Trans. at 19-20. Petitioner never returned during the remainder of his trial and could not be located despite efforts by the prosecutor and defense counsel. Id. at 21-29. Petitioner does not argue, and the record does not suggest, that his absence was involuntary. Given those facts, Petitioner has failed to demonstrate entitlement to relief under 28 U.S.C. § 2254(d). His request for habeas corpus relief on this proposition of error shall be denied.

**3. Evidentiary rulings (ground 3)**

9

In ground three, Petitioner complains that the trial court erred in allowing the admission of evidence which was more prejudicial than probative. See Dkt. # 1. He cites his direct appeal brief, propositions 3 and 4, for an explanation of this claim. In those propositions of error, Petitioner claimed that Officer Phillips' testimony concerning "recent activity" in the Tulsa area constituted an evidentiary harpoon and that the trial court erroneously allowed admission of other crimes or bad acts evidence later used by the prosecutor in his closing argument. See Dkt. # 12, Ex. 1 at 11 and 15. As to the latter argument, Petitioner complained that although he was charged with unlawful possession of a pistol, the trial court allowed admission of evidence demonstrating that a shotgun had been carried by the front seat passenger as he fled from the vehicle. Id. Relying on its own case law, the OCCA rejected each of these claims. Dkt. # 12, Ex. 4 at 2-3. The OCCA found that "no evidentiary harpoon was improperly introduced, and Jenkins was not prejudiced by the officer's testimony." Id. The OCCA also denied relief on Petitioner's challenge to the admission of other crimes or bad acts evidence, finding no error in admission of evidence that "a passenger in Jenkins's car had a shotgun, which was later recovered." Id. The OCCA further noted that:

> This was part of the res gestae of the crime. *Jones v. State*, 2006 OK CR 5, 128 P.3d 521, 540. Res gestae evidence is either so closely connected to the crime as to form part of the transaction, is necessary to give jurors a complete understanding of the crime, or is central to the chain of events. *Rogers v. State*, 1995 OK CR 8, 890 P.2d 959, 971. In addition, Jenkins made admissible voluntary statements to Phillips, which were admitted without objection, saying the he knew the shotgun was in the car. Within this proposition, Jenkins appears to argue that the prosecutor committed misconduct by using evidence about the shotgun in closing argument. First, in saying that the weapon was a loaded shotgun, the prosecutor was merely stating evidence, not appealing to societal alarm. Second, Jenkins complains that the prosecutor argued knowledge of the shotgun helped establish knowledge of the pistol. If this was error, it was harmless, since Jenkins admitted he knew about both guns.

Id. at 2-3, n.5. Respondent contends that these claims raise no federal constitutional issue and are not cognizable in this habeas corpus proceeding. The Court agrees.

A habeas court "'will not question the evidentiary . . . rulings of the state court unless [the petitioner] can show that, because of the court's actions, his trial, as a whole, was rendered fundamentally unfair.'" Maes v. Thomas, 46 F.3d 979, 987 (10th Cir. 1995) (quoting Tapia v. Tansy, 926 F.2d 1554, 1557 (10th Cir. 1991)). Thus, to the extent the claims may implicate Petitioner's constitutional rights, he must demonstrate that his trial was rendered fundamentally unfair by the admission of the challenged testimony. See Donnelly v. DeChristoforo, 416 U.S. 637, 642-48 (1974); Duckett v. Mullin, 306 F.3d 982, 999 (10th Cir. 2002) (holding that habeas corpus relief cannot be provided on the basis of state court evidentiary rulings "unless they rendered the trial so fundamentally unfair that a denial of constitutional rights results." (quoting Mayes v. Gibson, 210 F.3d 1284, 1293 (10th Cir. 2000))).

After reviewing the trial transcripts, the Court finds that the OCCA's rejection of Petitioner's claims on direct appeal was neither contrary to, nor an unreasonable application of, these general principles. The OCCA's summary of the State's case was accurate and its conclusion that Petitioner had failed to demonstrate that he suffered prejudice based on Officer Phillips' testimony was not erroneous. Furthermore, even if the challenged evidence concerning the shotgun could be characterized as "other crimes evidence" or Officer Phillips' testimony as an "evidentiary harpoon," the admission of the evidence and the testimony did not render Petitioner's trial fundamentally unfair. Petitioner is not entitled to habeas corpus relief on this claim. 28 U.S.C. § 2254(d).

**4. Instructional error (ground 4)**

As his fourth proposition of error, Petitioner claims that the trial court erred in instructing the jury that imposition of a fine was mandatory. See Dkt. # 1. On direct appeal, Petitioner argued that his jury was erroneously instructed that the penalty for unlawful possession of a firearm after former conviction of a felony was "imprisonment in the State penitentiary for a term of three years and a fine of not [sic] than $10,000."[3] See Dkt. # 12, Ex. 1 at 17. The OCCA found that the instruction was erroneous, but denied relief, citing Okla. Stat. tit. 22, § 64(B), and Fite v. State, 873 P.2d 293, 295 (Okla. Crim. App. 1993), and determining that "the trial court should have instructed jurors they could, but were not required to, impose a fine of up to $10,000." See Dkt. # 12, Ex. 4 at 3. The OCCA also stated, however, that "Jenkins was not prejudiced by this error since, although jurors recommended a fine, no fine was imposed at sentencing."[4] See id.

It is well established that "[a]s a general rule, errors in jury instructions in a state criminal trial are not reviewable in federal habeas corpus proceedings, 'unless they are so fundamentally unfair as to deprive petitioner of a fair trial and to due process of law.'" Nguyen v. Reynolds, 131 F.3d 1340, 1357 (10th Cir. 1997) (quoting Long v. Smith, 663 F.2d 18, 23 (6th Cir. 1981)); see also Maes v. Thomas, 46 F.3d 979, 984 (10th Cir. 1995) ("A state trial conviction may only be set aside

---

[3] The instruction received by Petitioner's jury read, in pertinent part, as follows: "The punishment for POSSESSION OF FIREARM AFTER FORMER CONVICTION OF A FELONY after two (2) or more previous convictions is imprisonment in the State penitentiary for a term of three years to life and a fine of not more than $10,000." See Dkt. # 14, Instruction No. 19, O.R. at 66-67.

[4] The record reflects that in addition to a sentence of thirty (30) years imprisonment, the jury also recommended a fine of $5,000. See Dkt. # 14-2, Tr. Trans. at 213; Dkt. # 14, Verdict, O.R. at 41. However, no fine was imposed at sentencing. See Dkt. # 14-3, Sent. Trans. at 2; Dkt. # 14, Judgment and Sentence, O.R. at 77-79.

12

in a habeas proceeding on the basis of erroneous jury instructions when the errors had the effect of rendering the trial so fundamentally unfair as to cause a denial of a fair trial.").

Petitioner has failed to demonstrate that the OCCA's adjudication of his ground four claim was contrary to, or an unreasonable application of, clearly established federal law, or resulted in a decision based on an unreasonable determination of the facts in light of the evidence presented at trial. 28 U.S.C. § 2254(d)(1), (2). As noted above, the $5,000 fine recommended by the jury was not imposed at sentencing. Furthermore, Petitioner's claim that "the misinstruction led the jury to consider the crime in a more serious manner than would otherwise be true" is entirely speculative. Petitioner is not entitled to habeas corpus relief under § 2254(d) on this claim.

## C. Certificate of appealability

Rule 11, Rules Governing Section 2254 Cases in the United States District Courts, instructs that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Pursuant to 28 U.S.C. § 2253, the court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right," and the court "indicates which specific issue or issues satisfy [that] showing." A petitioner can satisfy that standard by demonstrating that the issues raised are debatable among jurists, that a court could resolve the issues differently, or that the questions deserve further proceedings. Slack v. McDaniel, 529 U.S. 473, 483-84 (2000) (citing Barefoot v. Estelle, 463 U.S. 880, 893 (1983)).

The Court concludes that a certificate of appealability should not issue. Nothing suggests that the Tenth Circuit would find that this Court's application of deference to the decision by the OCCA was debatable amongst jurists of reason. See Dockins, 374 F.3d at 938. The record is devoid of any

authority suggesting that the Tenth Circuit Court of Appeals would resolve the issues in this case differently. A certificate of appealability shall be denied.

## *CONCLUSION*

After careful review of the record in this case, the Court concludes that Petitioner has not established that he is in custody in violation of the Constitution or laws of the United States. Therefore, his petition for writ of habeas corpus shall be denied.

**ACCORDINGLY, IT IS HEREBY ORDERED that** the petition for writ of habeas corpus (Dkt. # 1) is **denied**. A separate judgment shall be entered in this matter. A certificate of appealability is **denied**.

**DATED** this 3rd day of January, 2013.

*[signature]*
GREGORY K. FRIZZELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT